JAY CLAYTON
United States Attorney for the
Southern District of New York
By:     PIERRE ARMAND
          REBECCA SALK
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:    (212) 637-2724/2614
Email: Pierre.Armand@usdoj.gov
          Rebecca.Salk@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRISONERS' LEGAL SERVICES OF NEW YORK, *et al.*, <br><br>            Plaintiffs, <br><br>      v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br>            Defendants. | 25 Civ. 01965 (GHW) (VF) <br><br> **ANSWER** |

Defendants, the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and
Customs Enforcement ("ICE"), Kristi Noem, in her official capacity as Secretary of DHS, Joseph
E. Freden, in his official capacity as Deputy Field Office Director, Buffalo Federal Detention
Facility, and Stephen Kurzdorfer, in his official capacity as Acting ICE Enforcement and Removal
Operations Buffalo Field Office Director (collectively, "Defendants"), by their attorney Jay
Clayton, United States Attorney for the Southern District of New York, hereby answer the

1

complaint of plaintiff Prisoners' Legal Services of New York, plaintiff Robert F. Kenney Human Rights, and plaintiff New York Civil Liberties Union Civil Liberties Union (collectively, "Plaintiffs") upon information and belief as follows:[1]

1.      The allegations in the unnumbered paragraph that precedes Paragraph 1 constitute a characterization of this action and the relief sought by Plaintiffs, to which no response is required. To the extent a response is required, deny that Plaintiffs are entitled to the relief requested or to any relief.

## INTRODUCTION

2.      The allegations in Paragraph 1 constitute a characterization of this action, to which no response is required. To the extent a response is required, deny.

3.      The allegations in Paragraph 2 consist of Plaintiffs' characterization of the Buffalo Federal Detention Facility ("BFDF") policy dated November 8, 2023 (effective November 13, 2023), to which no response is required.  Defendants aver that the referenced policy speaks for itself, refer the Court to that policy for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

---

[1] Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Complaint, without adopting or admitting any factual allegations contained therein.

4.      The allegations in Paragraph 3 consist of Plaintiffs' characterization of BFDF's policy dated November 27, 2024 (effective December 2, 2024), to which no response is required. Defendants aver that the referenced policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

5.      The allegations in 4 of the Complaint consist of Plaintiffs' characterization of BFDF's policy dated November 27, 2024 (effective December 2, 2024), to which no response is required.   Defendants aver that the policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

6.      The allegations in Paragraph 5 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in Paragraph 5.

7.      The allegations in Paragraph 6 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in Paragraph 5.

8.      The allegations in Paragraph 7 consist of Plaintiffs' legal conclusions and request for relief, to which no response is required. To the extent a response is required, deny that Plaintiffs are entitled to the relief sought, or to any relief.

## PARTIES

9.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8.

10.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9.

11.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10.

12. Deny the allegations in Paragraph 11, and aver the DHS is a federal executive department responsible for safeguarding public security throughout the United States.

13. Deny the allegations in Paragraph 12, and aver that ICE is a component of DHS which operates ICE-owned immigration detention facilities, such as the BFDF.

14. Admit the allegations in Paragraph 13.

15. Deny the allegations in Paragraph 14, except admit that Defendant Joseph E. Freden is a Deputy Field Office Director ("DFOD") of ERO Buffalo and that he is sued in his official capacity.

16. Deny the allegations in Paragraph 15, except admit that Defendant Thomas Brophy is the former ERO Buffalo Field Office Director ("FOD"), that he retired at the end of 2024, and that Stephen Kurzdorfer is the current Acting FOD of ERO Buffalo.

## JURISDICTION AND VENUE

17. The allegations in Paragraph 1 on page 5 consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. Defendants aver that the statutes cited speak for themselves, refer the Court to the cited statutes for a full and accurate statement of their contents, and deny any allegations inconsistent therewith.

18. The allegations in Paragraph 2 on page 5 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

19. The allegations in Paragraph 3 on page 5 consists of Plaintiffs' conclusions of law regarding venue, to which no response is required. Defendants aver that the statute cited speaks for itself, refer the Court to the cited statutes for a full and accurate statement of their contents, and deny any allegations inconsistent therewith.

**BACKGROUND**

**A. ICE Agency Guidelines Provide for the Treatment of Special Correspondence and Legal Mail as Privileged and Confidential**

20.     The allegations in Paragraph 4 on page 6 of the Complaint consist of Plaintiffs' citation to and characterization of ICE's *Performance-Based National Detention Standards 2011* (rev. 2016) (the "ICE Standards"), to which no response is required. Defendants aver that the ICE Standards speak for themselves, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

21.     The allegations in Paragraph 5 on page 6 of the Complaint consist of Plaintiffs' characterization of, and quotation from, Chapter 5.1 of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1 of the ICE Standards speaks for itself, refer the Court to that chapter of the ICE Standards for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

22.     The allegations in Paragraph 6 on page 7 of the Complaint consist of Plaintiffs' characterization of, and quotation from, Chapter 5.1 of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1 of the ICE Standards speaks for itself, refer the Court to that chapter of the ICE Standards for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

23.     The allegations in Paragraph 7 on page 7 of the Complaint consist of Plaintiffs' characterization of Chapter 5.1, Section (V)(D) of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1, Section (V)(D) of the ICE Standards speaks for itself,

refer the Court to that section of the ICE Standards for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

24. The allegations in Paragraph 8 on page 7 of the Complaint consist of Plaintiffs' characterization of Chapter 5.1, Section (V)(D)(3) of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1, Section (V)(D)(3) of the ICE Standards speaks for itself, refer the Court to that section of the ICE Standards for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

25. The allegations in Paragraph 9 on page 7 of the Complaint consist of Plaintiffs' characterization of the ICE Standards, to which no response is required. Defendants aver that the ICE Standards speak for themselves, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

26. The allegations in Paragraph 10 on page 7 of the Complaint consist of Plaintiffs' characterization of, and quotation from, Chapter 5.1, Section (V)(F)(2) of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1, Section (V)(F)(2) of the ICE Standards speaks for itself, refer the Court to that section of the ICE Standards for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants further aver that the allegations in Footnote 2 on page 7 of the Complaint consist of Plaintiffs' characterization of the *Buffalo Federal Detention Facility Handbook* (2016) ("BFDF Handbook"), to which no response is required. Defendants aver that the BFDF Handbook speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

27.     The allegations in Paragraph 11 on page 7 of the Complaint consist of Plaintiffs' characterization of, and quotation from, Chapter 5.1, Sections (V)(F)(2) and (V)(C)(5) of the ICE Standards, to which no response is required. Defendants aver that Chapter 5.1, Sections (V)(F)(2) and (V)(C)(5) of the ICE Standards speaks for themselves, refer the Court to those sections of the ICE Standards for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

28.     The allegations in Paragraph 12 on page 8 of the Complaint consist of Plaintiffs' characterization of, and quotation from, the ICE Standards, to which no response is required. Defendants aver that the ICE Standards speak for themselves, refer the Court to the ICE Standards for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

**B.   In November 2023, BFDF Revised its Legal Mail Policy to Copy and Retain Legal Mail**

29.     The allegations in Paragraph 13 on page 8 of the Complaint consist of Plaintiffs' characterization of, and quotation from, the ICE Standards and a policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the ICE Standards and the policy memorandum dated November 8, 2023 (effective November 13, 2023) speak for themselves, refer the Court to those documents for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

30.     The allegations in Paragraph 14 on page 8 of the Complaint consist of Plaintiffs' characterization of the ICE Standards and the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the ICE

7

Standards and the policy memorandum dated November 8, 2023 (effective November 13, 2023) speak for themselves, refer the Court to those documents for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

31.     Sentences 1 and 2 of Paragraph 15 on page 8 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Sentence 3 of Paragraph 15.

32.     The allegations in Paragraph 16 on page 9 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

33.     The allegations in Paragraph 17 on page 9 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

34.     The allegations in Paragraph 18 on page 9 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

35.     The allegations in Paragraph 19 on page 9 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 on page 9 of the Complaint.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in sentence 1 of Paragraph 21 on page 10 of the Complaint. Sentence 2 of Paragraph 21 consists of Plaintiffs' quotation from the BFDF Handbook, to which no response is required. Defendants aver that the BFDF Handbook speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants deny sentences 3 and 4 of Paragraph 21.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22 on page 10 of the Complaint.

39.     The allegations in Paragraph 23 on page 9 of the Complaint consist of Plaintiffs' characterization of the policy memorandum dated November 8, 2023 (effective November 13, 2023), to which no response is required. Defendants aver that the policy memorandum dated November 8, 2023 (effective November 13, 2023) speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

40.     Deny the allegation in Paragraph 24 on page 10 of the Complaint that Defendants have provided no legitimate justification for deviating from the ICE Standards on the processing of legal mail.   The allegations in sentence 2 of Paragraph 24 consist of Plaintiffs' characterization of, and quotation from, an email from Assistant Field Office Director Peter Sukmanowski to RFK attorney Sarah Gillman, to which no response is required. Defendants aver that the email speaks for itself, refer the Court to that email for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

41.     The allegations in Paragraph 25 on pages 11–12 of the Complaint consist of Plaintiffs' characterization of, and quotation from, an email from Assistant Field Office Director Peter Sukmanowski to RFK attorney Sarah Gillman, to which no response is required. Defendants aver that the email speaks for itself, refer the Court to that email for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Further, the allegations in sentence 2 consist of Plaintiffs' characterization of the ICE Standards, to which no response is required. Defendants aver that the ICE Standards speak for themselves, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

42.     The allegations in Paragraph 26 on page 11 consist of Plaintiffs' characterization of BFDF policy, to which no response is required. Defendants aver that the referenced policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

## C. In Late 2024, BFDF Reinstituted and Expanded its Policy of Copying and Retaining Legal Mail

43.     Defendants deny the allegations in Paragraph 27 on page 11 of the Complaint, and aver that original documents were placed in the detainee's property bin.

44.     The allegations in Paragraph 28 on page 11 of the Complaint consist of Plaintiffs' characterization of, and quotation from, BFDF's policy dated November 27, 2024, to which no response is required. Defendants aver that the policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

45.     The allegations in Paragraph 29 on pages 11–12 of the Complaint consist of Plaintiffs' characterization of BFDF's policy dated November 27, 2024, to which no response is required. Defendants aver that the policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

46.     The allegations in Paragraph 30 on page 12 of the Complaint consist of Plaintiffs' characterization of BFDF's policy dated November 27, 2024, to which no response is required. Defendants aver that the policy speaks for itself, refer the Court to that document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

47.     Deny the allegations in Paragraph 31 on page 12 of the Complaint, and aver that as of December 2, 2024, BFDF had resumed opening and copying legal mail to ensure a safe and secure detention environment.

**D. Defendants' Policy Interferes with the Organizations' Provision of Legal Services.**

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 on page 12 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 on page 12 of the Complaint.

50.     The allegations in Paragraph 34 on page 12 of the Complaint consists of Plaintiffs' legal conclusions regarding the provision of effective legal services, to which no response is required.

51.     The allegations in Paragraph 35 on page 12 of the Complaint consist of Plaintiffs' characterization of Rules 1.1, 1.4, and 1.6(c) of the New York Rules of Professional Conduct, to which no response is required.   Defendants aver that the cited rules speak for themselves, refer the Court to those rules for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

52.     Deny the allegations in Paragraph 36 on page 12–13 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 on page 13 of the Complaint.

54.     Deny the allegations in Paragraph 38 on page 13 of the Complaint.

# CLAIM FOR RELIEF

## Count 1: Violation of the First Amendment

55.     In response to Paragraph 39 on page 13 of the Complaint, Defendants incorporate their responses in the foregoing paragraphs as though fully set forth herein.

56.     The allegations in Paragraph 40 on page 13 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

57.     Deny the allegations in Paragraph 41 on page 13 of the Complaint.

58.     The allegations in Paragraph 42 on page 13 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count 2: Violation of the Administrative Procedure Act

59.     In response to Paragraph 43 on page 14 of the Complaint, Defendants incorporate their responses in the foregoing paragraphs as though fully set forth herein.

60.     The allegations in Paragraph 44 on page 14 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, the allegations in Paragraph 44 consist of Plaintiffs' characterization of, and quotation from, § 706(2)(A) of the APA, to which no response is required. Defendants aver that the cited statute speaks for itself, refer the Court to that statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

61.     The allegations in Paragraph 45 on page 14 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contains Plaintiffs' requested relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(b)(3), any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendants allege as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants for which relief may be granted.

## SECOND DEFENSE

No agency action at issue was arbitrary, capricious, an abuse of discretion, a violation of due process, or otherwise not in accordance with law.

## THIRD DEFENSE

The findings of fact made by the agency are supported by substantial evidence.

## FOURTH DEFENSE

Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq., judicial review of a final agency decision is limited to the administrative record of the proceedings below.

## FIFTH DEFENSE

Any errors of law committed by the agency, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint. See 5 U.S.C. § 706.

## SIXTH DEFENSE

Plaintiffs' claim for violation of the First Amendment is barred by the doctrine of sovereign immunity.

## SEVENTH DEFENSE

Defendants did not impinge on or otherwise violate any of Plaintiffs' rights under the Constitution, including but not limited to, any rights they have under the First Amendment thereof.

Defendants may have additional defenses that are not known at this time but may become known through litigation. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants for costs of suit, as allowed by law; and (3) grant just further relief as the Court deems just and proper.

Dated: New York, New York
      August 12, 2025

                              Respectfully submitted,

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for Defendants*

By:     */s/ Rebecca L. Salk*
                              PIERRE ARMAND
                              REBECCA L. SALK
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.:   (212) 637-2768/2614
                              Email: Pierre.Armand@usdoj.gov
                                       Rebecca.Salk@usdoj.gov